## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**SAMMY KIDD**, **et al.**,

    Plaintiffs,

vs.                                                                                No. 04cv1355 MCA/ACT

**CITY OF ALBUQUERQUE, NEW MEXICO,**

    Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' *Motion for Reconsideration of Memorandum Opinion and Order (Doc. 192)* [Doc. 196], filed May 5 2009.  Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court denies the motion.

### I. BACKGROUND

In this long-running class-action employment lawsuit brought against the City of Albuquerque, the Court, on April 13, 2009, entered an *Order* in which, among other things, it attempted to refine and clarify the composition of the plaintiff class by using "break in service" as a guide to determine putative members' entitlement to inclusion in the class. [See Doc. 192 at 8-12].  On May 5, 2009, Plaintiffs moved for reconsideration of the April 13, 2009 *Order*. [See generally Doc. 196].

**II. ANALYSIS**

The Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration." Instead, depending on when the motion is filed, it is treated either as a Rule 59(e)[1] motion to alter or amend the judgment or a Rule 60(b)[2] motion for relief from the judgment. Computerized Thermal Imaging, Inc. 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). In this case, because Plaintiffs filed their motion on May 5, 2009, more than ten days after entry on the docket of the order in question, the motion must be treated as one brought pursuant to Rule 60(b). See id.; see also Fed.R.Civ.P. 6(a) (explaining computation of time periods under Rules).

While a district court enjoys "discretion to grant relief as justice requires under Rule 60(b)," such relief is "extraordinary and may only be granted in exceptional circumstances." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (internal quotations omitted).

Rule 60(b) provides that

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;

---

[1] A motion filed within ten days of the district court's entry of judgment is treated as a motion to alter or amend the judgment under Rule 59(e). Computerized Thermal Imaging, Inc. v. Bloomberg, L.P., 312 F.3d 1292, 1296 n.3 (10th Cir. 2002).

[2] A motion filed more than ten days after entry of judgment is treated as a motion for relief from judgment under Rule 60(b). Computerized Thermal Imaging, Inc., 312 F.3d at 1296 n.3.

>(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>(4) the judgment is void;
>
>(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>(6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).

In this case, Plaintiffs have not alleged the existence of any of the justifications set forth in subsections (1) through (6) of Rule 60(b). Rather, they fault the Court for relying on case law that the Court expressly found to be instructive and supportive. The sole basis for the relief sought here is Plaintiffs' complaint that the Court "adopt[ed] the City's unsupported definition and application of 'breaks in service,'" instead of following Plaintiffs' suggestion that the Court define "break in service" by reference to "the actual intent" of the City and what is estimated to be more than 180 employees. [See Doc. 195; Doc. 196 at 2]. Plaintiffs have failed to establish any exceptional circumstances justifying Rule 60(b) relief. Accordingly, in this situation, the Court concludes that Rule 60(b) relief is not warranted.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration will be denied.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' *Motion for Reconsideration of Memorandum Opinion and Order (Doc. 192)* [Doc. 196] is **DENIED**.

**SO ORDERED** this 20th day of August, 2009, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge